# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

KENNETH WILSON,

Petitioner,

v.

GIGI MATHESON, Warden,

Respondent.

Case No. CV 20-7412 DOC (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

The Court summarily dismisses Petitioner's habeas action without prejudice for failure to state a claim.

* * *

1. Petitioner is currently serving a life term in state prison based on his 1996 conviction on assault, domestic violence, and weapons charges and enhancements.

2. Petitioner's current habeas petition appears to challenge the denial of his request for resentencing under Proposition 36, a reform to the

California Three Strikes sentencing scheme. Petitioner broadly contends that the denial of resentencing was "unjust." (Docket # 1 at 5.)

3. Magistrate Judge Wilner screened Petitioner's action. Judge Wilner noted that the state appellate court decision[1] that denied Petitioner's most recent resentencing challenge "referred exclusively to California law, and did not discuss any federal constitutional issues." (Docket # 4.) The magistrate judge ordered Petitioner to explain why the action should not be dismissed for failure to state a federal constitutional claim.

4. Petitioner submitted a response to Judge Wilner's order. (Docket # 6.) The response provided little additional information regarding Petitioner's constitutional claims.

5. Nevertheless, Judge Wilner directed the California Attorney General to respond to the petition. The Attorney General moved to dismiss the action for failure to present a cognizable federal claim. (Docket # 10.) Petitioner resubmitted his previous supplemental statement as his opposition to the dismissal motion. (Docket # 14.)

* * *

6. For a state prisoner to obtain habeas relief, s/he must properly allege that the decisions of the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Habeas corpus relief is reserved for claims in which a prisoner contends that a federal

---

[1] See People v. Wilson, 2019 WL 4942650 (Cal. App. 2019) (affirming denial of resentencing under Proposition 36, Cal. Penal C. § 1170.126).

constitutional error affects "the validity of the prisoner's continued incarceration." Ramirez v. Galaza, 334 F. 3d 850, 856 (9th Cir. 2003).

7. A state prisoner must fairly present a federal constitutional claim for habeas consideration. Rose v. Lundy, 455 U.S. 509 (1982). Driveby references to the federal constitution or vague concepts like "a fair trial" or "fair sentencing" are insufficient to fairly present and exhaust the legal basis for a constitutional claim. Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005); Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005).

8. A challenge to a state court's interpretation or application of its own sentencing laws is generally not subject to federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Campbell v. Blodgett, 997 F.2d 512, 522 (9th Cir. 1992) ("[a]s the Supreme Court has stated time and again, federal habeas corpus relief does not lie for errors of state law."); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("a state court's misapplication of its own sentencing laws does not justify federal habeas relief.")

9. That prohibition extends to state sentencing initiatives such as Proposition 36. Ample authority establishes that "whether an inmate is eligible for resentencing under Proposition 36 is a state-law question that presents no cognizable federal claim on habeas review." King v. Cueva, No. CV 20-1776 RGK (JPR), 2020 WL 8410448 at *3 (C.D. Cal. 2020) (collecting cases); Bradley v. Sherman, No. CV 20-6294 JVS (SHK), 2020 WL 5804076 at *3 (C.D. Cal. 2020) ("[W]hether the trial court properly exercised its discretion in denying Petitioner's request to resentence Petitioner under Proposition 36 and 47 is a state law issue. Because this Court is bound by

the appellate court's determination that no error occurred, Petitioner fails to state a cognizable federal habeas claim.").

* * *

10. Petitioner's original petition, his supplemental statement, and the state appellate decision under review make clear that Petitioner seeks federal review of his failed attempt to obtain state court relief under Proposition 36. His submissions in this Court do not point to any U.S. Supreme Court decision clearly establishing a principle of federal constitutional law relevant to Petitioner's claims of sentencing error.

11. As such, the current action does not present a federal constitutional question upon which this Court can properly grant habeas relief under 28 U.S.C. § 2254(d). Lewis, 497 U.S. at 780; Christian, 41 F.3d at 469; King, 2020 WL 8410448 at *3; Bradley, 2020 WL 5804076 at *3. The habeas action must be dismissed.

Therefore, the action is hereby DISMISSED without prejudice. Fed. R. Civ. P. 41; L.R. 72-3.2.

IT IS SO ORDERED.

Dated: March 8, 2021

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE